**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AJAY KAJLA, <br><br> Debtor. <br><br> AJAY KAJLA, <br><br> Appellant, <br><br> v. <br><br> U.S. BANK, <br><br> Appellee. | Bankruptcy Action No. 18-22208 (CMG) <br><br> ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY <br><br> Civil Action No. 18-16813 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Appellant Ajay Kajla's ("Appellant") appeal (Notice of Appeal, ECF No. 1) from the Bankruptcy Court's Order (Bankr. ECF No. 44)[1] denying his Motion for Extraordinary Relief Under Federal Rules[2] of Civil Procedure 60(b)(3) and/or 60(d)(3) ("Rule 60 Motion"). Appellant filed his initial brief in support (ECF No. 26), and U.S. Bank National Association, as Trustee for Credit Suisse First Boston MBS ARMT 2005-8 ("U.S. Bank ARMT Trustee") and U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-8 (collectively with U.S. Bank ARMT Trustee, the "Trustee"), and Wells Fargo Bank, N.A.

---

[1] Docket entries from the bankruptcy proceeding—*In re Ajay Kajla*, No. 18-22208 (Bankr. D.N.J.)—are designated as "Bankr. ECF No."

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure, unless otherwise specified.

(collectively with the Trustee, "Initial Appellees") opposed (ECF No. 28). Appellant replied on July 19, 2019. (ECF No. 29.) On July 30, 2019, Phelan Hallinan Diamond & Jones, P.C. ("Phelan") (collectively with Initial Appellees, "Appellees") filed a separate brief in opposition (ECF No. 30), and Appellant replied (ECF No. 31). The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the reasons set forth below, the Court denies Appellant's Appeal and affirms the Order of the Bankruptcy Court.

I. **BACKGROUND**[3]

In or around April 2005, Appellant executed a mortgage on real property located at 6 Ramapo Court, Colts Neck, New Jersey 07722 (the "Property"). (Appellant's TRO Mot. 2-3, ECF No. 9.) The Trustee filed a foreclosure action in or about December 2007. *U.S. Bank Nat'l Ass'n v. Kajla*, No. A-3875-14, 2016 WL 5210609, at *1 (N.J. Super. Ct. App. Div. Sept. 22, 2016), *cert. denied*, 158 A.3d 581 (N.J.), *cert. denied*, 138 S. Ct. 120, 2017 WL 2362637 (Oct. 2, 2017). On March 6, 2015, a second-amended final judgment of foreclosure was entered against Appellant. *Id.* Appellant's motion to vacate the judgment was denied, as was his appeal to the New Jersey Superior Court. *Id.*

On October 23, 2017, Appellant filed suit in the United States District Court for the District of New Jersey asserting that U.S. Bank and other named defendants "engaged in a fraudulent scheme to deprive him of his home by unlawfully assigning his Mortgage and Note and then foreclosing on it without standing to do so." *Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First*

---

[3] The factual and procedural histories of this matter are well known to the parties and the Court. The Court also recounted the background of this case in its March 8, 2019 Memorandum Opinion denying Debtor's Motion for a Temporary Restraining Order. (TRO Order, ECF No. 20.) The Court, accordingly, only recites those facts necessary to provide context and resolve the instant appeal.

2

*Bos. MBS ARMT 2005-8*, No. 17-8953, 2018 WL 1128498, at *1 (D.N.J. Mar. 1, 2018). The court dismissed Appellant's case and denied his motion to amend his complaint. *Id.* at *8. The Property was sold at a sheriff's sale on October 30, 2017. (Appellees' TRO Br. 6, ECF No 16.) Appellant filed a Motion to Set Aside the Sheriff's Sale, which was denied with prejudice, and a Motion for Reconsideration, which was likewise denied. (*Id.*) On June 18, 2018, Appellant filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey. (Pet., Bankr. ECF No. 1.)[4] On August 17, 2018, the Appellees obtained relief from the automatic stay. (Order, Bankr. ECF No. 23.) On August 27, 2018, Appellant filed the Rule 60 Motion (Rule 60 Mot., Bankr. ECF No. 26), which the Bankruptcy Court denied on November 20, 2018 (Order, Bankr. ECF No. 44). On December 4, 2018, Appellant filed the instant appeal. (Notice of Appeal, ECF No. 1.) On February 13, 2019, Appellant filed a Motion for a Temporary Restraining Order (Appellant's TRO Mot.) which this Court denied on March 8, 2019 (TRO Order). The briefing on the instant appeal followed.

## II. ISSUES PRESENTED ON APPEAL

Appellant raises the following issues on appeal:

1. Did the Bankruptcy Court err when it "[d]id not look at the evidence presented that pointed to clear '[f]raud [u]pon the [c]ourt' at multiple levels over the [c]ourse of the [c]ase[?]" (Appellant's Br. 7, ECF No. 26).

2. Did the Bankruptcy Court err when it denied Appellant's Rule 60 Motion? (*Id.* at 8.)

3. Did the Bankruptcy Court err when it "[d]id not [issue] an opinion on [Appellant's Motion for Extraordinary Relief][?]" (*Id.*)

---

[4] Appellant filed for bankruptcy protection at least two other times since foreclosure proceedings were initiated against the Property. (*See* Decl. of Lauren S. Zabel, Esq. 2-5, ECF No. 16-1.) After Appellant filed the underlying bankruptcy petition, Appellant's wife separately filed a Chapter 13 bankruptcy petition (*In re Pamela Kajla*, No. 18-33602 (Bankr. D.N.J.))

4. Did the Bankruptcy Court err when it showed "a clear bias favoring [] Appellees" at Appellant's court appearances, as documented "in the history of each Motion by the Appellant[?]" (*Id.* at 7.)

5. Did the Bankruptcy Court err when it "[d]id not respect the rights of a [pro se] litigant[?]" (*Id.* at 8.)

## III. STANDARD OF REVIEW

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to *de novo* review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987). A district court evaluates mixed questions of law and fact "under a mixed standard, affording a clearly erroneous standard to integral facts, but exercising plenary review of the lower court's interpretation and application of those facts to legal precepts." *In re Cellnet Data Sys., Inc.*, 327 F.3d at 244.

Here, Appellant advances several arguments on appeal that are difficult to characterize. The Court, however, is aware of Appellant's pro se status and, out of an abundance of caution, adopts a *de novo* standard when reviewing Appellant's arguments.[5]

## IV. DISCUSSION[6]

### A. Bankruptcy Court's Failure to Consider Evidence of Fraud

Appellant first argues that the Bankruptcy Court failed to consider evidence of "fraud upon the court" during its adjudication of the underlying bankruptcy action. However, even upon *de novo* review, Appellant's argument is unavailing.

Throughout his filings in the Bankruptcy Court, Appellant repeatedly accused Appellees of fraud. (*See, e.g.*, Mot. to Reinstate Automatic Stay, Bankr. ECF No. 14; Appellant's Br.)[7]

---

[5] It is of paramount importance to note that the Court is not articulating a new standard of review for pro se bankruptcy appeals. Given the remarkably long procedural history of this foreclosure action, the Court finds that the interests of justice are best served by a final resolution to the questions presented on appeal and that evaluating the merits of the appeal at a lower standard could invite additional litigation.

[6] As an initial matter, Appellees argue that Appellant's Appeal should be denied as moot because a final judgment has been entered against Appellant, (Initial Appellees' Br. 1, ECF No. 28); the Property has been sold at a sheriff's sale, (*id.* at 6); and Appellant has been evicted from the premises, (Appellant's Mot. to Extend 1, ECF No. 22). (Initial Appellees' Br. 12-13.) According to Appellees, a decision reversing the bankruptcy would have "no practical effect." *See Amboy Nat. Bank v. 556 First St., LLC*, No. A-0281-09T3, 2011 WL 3628894, at *1 (N.J. Super. Ct. App. Div. Aug. 19, 2011) ("Because the property has already been sold to a bona fide third-party purchaser, any decision we might make with respect to the issues raised under the Fair Foreclosure Act would have no practical effect on the controversy respecting the foreclosure and sale of the property. Thus, the issues presented here are moot."). In addition, federal courts must refrain from issuing advisory opinions. *See McCahill v. Borough of Fox Chapel*, 438 F.2d 213, 215 (3d Cir. 1971). Pro se appellant does not address this argument. Here, because it is unclear on the record and briefing whether a reversal would have no practical effect, and because the Court finds the Bankruptcy Court's decision must be affirmed, the Court decides the instant case on the merits of Appellant's Appeal.

[7] Appellant articulated similar arguments in his Motion for a Temporary Restraining Order filed before this Court. (*See, e.g.*, Appellant's TRO Mot., ECF No. 9.) The Court found those arguments to be meritless. (*See generally* Memo. Op., ECF No. 19.)

5

Among Appellant's many fraud allegations are claims that Appellees: "knowingly planned, coerced, 'aided and abetted,' 'in obtaining relief from [the] [a]utomatic [s]tay' . . . by actively performing 'fraud upon the [c]ourt' without consequences" (Appellant's Br. 2); "defraud[ed] Appellant of his home" (*Id.*); and that lawyers from Phelan committed perjury. (*Id.* at 11.)

Appellant's arguments are not novel, rather they have been heard and repeatedly rejected throughout the pendency of the litigation relating to the Property. Here, Appellant has failed to articulate an effective argument as to why this Court should reach a different conclusion than previous courts have reached. This Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

**B.    Bankruptcy Court's Denial of Appellant's Rule 60 Motion**

Appellant avers that the Bankruptcy Court "[e]rred in denying [his] [Rule 60 Motion]," but offers no specific legal arguments to support this claim. Rule 60 of the Federal Rules of Civil Procedure allows a court to provide litigants "[r]elief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *see also Kock v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied subject to the proposition[] that the finality of judgments is a sound principle that should not lightly be cast aside"). Rule 60 "'seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics;' it is not intended to provide an opportunity to reargue fraud-based claims dismissed on the merits." *Agcaoili v. Stanley*, No. 08-2715, 2009 WL 10698038, at *2 n.2 (D.N.J. June 9, 2009) (quoting *Optimal Health Care Servs. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992)). To prevail on a Rule 60(b)(3) motion, "the movant must establish that the adverse party engaged in fraud or other

6

misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

Here, Appellant has failed to establish that he was entitled to relief under Rule 60. In his Rule 60 Motion, Appellant averred that Appellees procured their favorable Bankruptcy Court order by perpetrating fraud against the court. (Rule 60 Mot. 2-4.) These arguments were very similar to the arguments the Bankruptcy Court had previously heard and rejected. (*Compare id. with* Mot. to Reinstate Stay, Bankr. ECF No. 14.)

Upon its own review of the record, the Court notes that Appellant has not alleged that Appellees engaged in unfair litigation tactics. Rather Appellant seeks to reargue the same fraud claims that have been previously rejected by other courts. This Court finds Appellant's fraud arguments equally unavailing. Furthermore, there are no extraordinary justifying circumstances present in the instant appeal. This Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on these grounds.

### C. Bankruptcy Court's Decision Not to Issue a Written Opinion When Denying Appellant's Rule 60 Motion

Appellant next argues that the Bankruptcy Court erred because it "[d]id not [issue] an opinion" when it denied his Rule 60 Motion. Although the Bankruptcy Court did not issue a written opinion along with its Order denying Appellant's Rule 60 Motion (*see* Order, Bankr. ECF No. 44), the Bankruptcy Judge read her decision, including a detailed reasoning, onto the record. (*See* Appellees' Opp'n Br. 13-14, ECF No. 28) (quoting Nov. 20, 2018 hearing.) The Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

### D. Appellant's Remaining Arguments

Finally, Appellant argues his appeal should be granted because the Bankruptcy Court impermissibly: (1) showed "a clear bias favoring [] Appellees" at Appellant's court appearances,

as documented "in the history of each Motion by the Appellant" and (2) "[d]id not respect the rights of a [pro se] litigant."

On Appellant's first point, it is unclear as to what bias Appellant is alleging the Bankruptcy Court showed. Appellant provides no explanation for the time frame he references and offers no specifics as to how the Bankruptcy Court showed alleged bias. (*See generally* Appellant's Br.)

Next, Appellant avers that the Bankruptcy Court did not respect his rights as a pro se litigant. Much like Appellant's other arguments, Appellant offers no evidence to support this claim. In fact, the record supports the opposite conclusion. Appellant has been litigating various causes of action ever since he defaulted on a loan, secured by the Property, in September 2007. Appellant has been afforded the opportunity to zealously advocate his case and, at every step of the way, various courts have considered his arguments. Even when employing the most deferential standard of review, the Court finds no evidence that the Bankruptcy Court acted improperly and, therefore, there is no basis to overturn the Bankruptcy Court's Order on these grounds.

V.  **CONCLUSION**

For the foregoing reasons, Appellant's Appeal is denied. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 27, 2019

8