**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AJAY KAJLA,<br><br>  Debtor. | Bankruptcy Action No. 18-22208 (CMG) |
| AJAY KAJLA,<br><br>  Appellant,<br><br>  v.<br><br>U.S. BANK, *et al.*,<br><br>  Appellees. | **ON APPEAL FROM THE<br>BANKRUPTCY COURT OF THE<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 18-16813 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Appellant Ajay Kajla's ("Appellant") Motion for Reconsideration[1] of the Court's Order denying his appeal from the Bankruptcy Court's Order (the "Appeal"). (ECF No. 34.) Appellees U.S. Bank and Phelan Hallinan Diamond & Jones, P.C. (collectively, "Appellees") did not file opposition to Appellant's Motion. The Court has carefully considered Appellant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Appellant's Motion for Reconsideration is denied.

---

[1] The Court notes that Appellant avers that he brings his motion "under [N.J. Ct. R.] 4:49-2 and/or FRCP 59, FRCP 60." (Mot. 2, ECF No. 34.) However, in the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). The Court is cognizant of Appellant's pro se status and, therefore, will address Appellant's motion under Federal Rule of Civil Procedure 60 and Local Civil Rule 7.1. New Jersey Court Rule 4:49-2 is a state court rule and, therefore, is irrelevant to the current proceeding.

## I. BACKGROUND[2]

On November 27, 2019, the Court entered an Order denying Appellant's Appeal from the United States Bankruptcy Court for the District of New Jersey. (ECF No. 33.) On December 12, 2019, Appellant filed the instant Motion for Reconsideration. (ECF No. 34.)

## II. LEGAL STANDARDS

"The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration." *Morton*, 2011 WL 2975532, at *1 (citing *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999)). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under [Rule] 59(e), or as a motion for relief from judgment or order under [Rule] 60(b)." *Id.* In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Id.* (citing *Bowers*, 130 F. Supp. 2d at 612). Local Civil Rule 7.1(i) provides that a party seeking reconsideration must file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."

### A. Rule 60

Rule 60 of the Federal Rules of Civil Procedure allows a court to provide litigants "[r]elief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *see also*

---

[2] After several years of litigation in this Court and the United States Bankruptcy Court for the District of New Jersey, the parties are familiar with the background of this case. The Court, therefore, dispenses with a summation of the factual background.

2

*Kock v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied subject to the proposition[] that the finality of judgments is a sound principle that should not lightly be cast aside"). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### B.     Local Civil Rule 7.1(i)

Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 506–07 (D.N.J. 2002). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.*

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612–13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 WL 2975532, at *3.

### III. DISCUSSION

Here, because Appellant avers that he brings his Motion under Rule 60, and because Local Civil Rule 7.1(i) governs motions for reconsideration in this District, the Court will address each rule in turn.

#### A. Rule 60

"The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez*, 545 U.S. at 528, as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1).

Here, the Court finds Appellant has failed to establish the presence of extraordinary and special circumstances necessary to warrant relief under Rule 60. Rather, Appellant's Motion is simply the latest vehicle through which he seeks to re-litigate the same fraud and misconduct claims that have repeatedly been heard and rejected. The Court, accordingly, denies Appellant's Motion to the extent he seeks relief under Rule 60. *See Holland*, 409 F. App'x at 497 (stating that a Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion").

#### B. Local Civil Rule 7.1(i)

Appellant similarly seeks relief under Rule 59 and, therefore, Local Civil Rule 7.1(i). Reconsideration, however, is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 506–07. There are three grounds for reconsideration: (1) to accommodate an

intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.*

Here, Appellant has failed to cite to any intervening change in controlling authority and, as discussed above, has not presented any newly discovered evidence that was previously unavailable. The only relevant line of inquiry remaining, therefore, is whether the Court committed a clear error when it denied Appellant's Appeal. "A court commits clear error of law only if the record cannot support the findings that led to the ruling." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (internal quotation omitted) (citation omitted). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citation omitted). A moving party's "[m]ere disagreement with the Court's decision" is insufficient to show a clear error of law. *Id.* (*citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

Appellant has failed to demonstrate that the Court's denial of his appeal was without basis in the record, nor has he established that failure to grant his present Motion would result in a manifest injustice. Instead, as discussed above, Appellant's Motion is simply being used to re-argue claims that this Court has heard and rejected. A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l*, 830 F. Supp. at 831). "The fact that an issue was not explicitly mentioned

5

by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 WL 2975532, at *3. The Court, accordingly, denies Appellant's Motion to the extent he seeks relief under Rule 59 or Local Civil Rule 7.1(i).

## IV. CONCLUSION

For the reasons set forth above, Appellant's Motion for Reconsideration is denied. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ M G Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 15th, 2020